PROB 12B
(6/05)



# UNITED STATES DISTRICT COURT

for

District of Guam



# Request for Summons and Modification of the Conditions or Term of Supervision

Name of Offender: **Joseph Eclavea Perez**  Case Number: **CR 94-00036-002**

Name of Sentencing Judicial Officer: **John S. Unpingco**

Date of Original Sentence: **June 3, 1994; Resentenced on August 11, 2005**

Original Offense: Count III: Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1); Count IV: Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a) and 846; and Count IX: Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g) and 941(a)(2).

Original Sentence: 136 month term of imprisonment to be served concurrently for Counts III, IV, and IX, followed by a three year term of supervised release to be served concurrently for Counts III, IV, and IX with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; not possess a firearm, destructive device, or any other dangerous weapon; comply with the standard conditions of probation; participate in a program approved by the U.S. Probation Office for the assessment and/or treatment of narcotic addiction or drug or alcohol dependency; refrain from the use of any and all alcoholic beverages; maintain gainful employment; and pay a $150 special assessment fee. **Modified** on

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **August 11, 2005**

---

## PETITIONING THE COURT

The offender, not having waived a hearing, the probation officer requests that a summons be issued and hearing held to modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

2. The defendant shall perform an additional 100 hours of community service as a sanction for noncompliance.



## CAUSE

The probation officer believes that the action requested above is necessary for the following reasons:

*(See attached Declaration in Support of Petition submitted by U.S. Probation Officer John W. San Nicolas II)*

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 11/3/06

Reviewed by:

KARON V. JOHNSON
Assistant U.S. Attorney

Date: 11/8/05

I declare under penalty of perjury that the foregoing is true and correct.

FOR: Judy Anne I. Ocampo
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Executed on: 11/3/05

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a summons.

☐ Other: _____

RECEIVED
NOV - 9 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

JOAQUIN V.E. MANIBUSAN, JR.
Signature of Judicial Officer

11/10/2005
Date

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| **United States of America,**<br>Plaintiff,<br><br>vs.<br><br>**Joseph Eclavea Perez,**<br>Defendant. | ) CRIMINAL CASE NO.: 94-00036-002<br>)<br>)<br>) **DECLARATION IN SUPPORT OF PETITION**<br>)<br>)<br>)<br>) |

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Joseph Eclavea Perez, and in that capacity declare as follows:

On June 3, 1994, Joseph Eclavea Perez was sentenced by the Honorable John S. Unpingco for Count III: Distribution of Heroin, 21 U.S.C. §841(a)(1); Count IV: Possession of Heroin with Intent to Distribute, 21 U.S.C. §841(a)(1); Count VI: Use of Firearm During Drug Trafficking, 18 U.S.C. §924(e)(1); and Count IX: Felon in Possession of a Firearm, 18 U.S.C. §922(g). Mr. Perez was resentenced due to 9th Circuit decisions on December 21, 1999, September 16, 2002, November 19, 2003, and August 11, 2005.

On August 11, 2005, Mr. Perez was released from custody. On September 27, 2005, Mr. Perez's supervised release conditions were modified to include 50 hours of community service for testing positive for use of methamphetamine and for failing to report for a scheduled urinalysis at the drug testing vendor on September 9, 2005. He is alleged to have violated the following conditions of supervision:

To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the offender's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender.

To address the implications of United States v. Stephens Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

**Special Condition 1:** *The defendant shall refrain from the use of any and all alcoholic beverages.*

**Special Condition 2:** *The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

On October 8, 2005, Mr. Perez submitted to a breathalyzer by this U.S. Probation Officer Judy Anne L. Ocampo at the drug testing vendor, which tested 0.033% (BAC). On October 12, 2005, this Officer met with Mr. Perez to discuss his compliance with the no-alcohol condition. He admitted to drinking "six cans of Budweiser beer" during the early morning hours on October 8, 2005. However, he declined to accept a sanction of an additional 100 hours of community service as proposed by this Officer to address his noncompliance and requested to meet with his attorney to address the proposed sanction. This Officer allowed Mr. Perez one week to meet with his attorney and set an appointment for October 20, 2005 at 2:00 p.m. to readdress the proposed sanction. Mr. Perez failed to report as instructed. Mr. Perez has also been returned to Phase I in the drug testing and treatment phase system as a result of his noncompliance.

**Special Condition 3:** *The defendant shall perform an additional 50 hours of community service as a sanction for noncompliance.* On September 27, 2005, Mr. Perez was ordered by the Court to perform 50 hours of community service as a sanction for noncompliance. On October 6, 2005, this officer met with Mr. Perez to process him for his community service requirement. It was agreed that he perform Mondays through Friday, starting on October 10, 2005. To date, he has failed to perform any community service hours.

**Supervision Compliance:** Except as outlined above, Mr. Perez has complied with the conditions of supervision since being placed on supervised release. He paid his $150 special assessment fee on December 3, 1996, and completed 300 hours of community service on February 6, 2005.

Declaration in Support of Petition
Re: PEREZ, Joseph E.
USDC Cr. Cs. No. 94-00036-002
November 4, 2005
Page 3

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Joseph Eclavea Perez to appear for a hearing to answer or show cause why his term of supervised release should not be modified pursuant to Title 18, United States Code, Section 3583(e)(2).

Executed this 3rd day of November 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _For: Judy Ann L. Ocampo_
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Karon V. Johnson, AUSA
    William Gavras, Defense Counsel
    File