

**FILED**
DISTRICT COURT OF GUAM
NOV 3 0 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL CASE NO. 94-00036-002 |
| Plaintiff, | ) | |
| | ) | **SUPPLEMENTAL** |
| | ) | **DECLARATION IN SUPPORT OF PETITION** |
| vs. | ) | |
| | ) | |
| JOSEPH ECLAVEA PEREZ | ) | |
| Defendant. | ) | |
| | ) | |

**Re:** **Supplemental Violations of Supervised Release Conditions; Request for Summons**

I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Joseph Eclavea Perez, and in that capacity declare as follows:

A violation report was filed with the Court on November 10, 2005, requesting modification of the conditions of supervision to include 100 hours of community service and a new drug testing condition for failure to refrain from the use of alcohol. Since the filing of the report, Mr. Perez is alleged to have violated the following conditions of supervision:

**Standard Condition 1:** *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

On November 18, 2005, Mr. Perez failed to attend his scheduled court hearing. On November 14, 2005, this Officer spoke with Mr. Perez to inform him that he had a violation hearing scheduled for November 18, 2005 at 10:30 a.m. He was then instructed to be present at the hearing. On November 21, 2005, this Officer met with Mr. Perez to address noncompliance issues. He stated that he was with "another woman" and "forgot the hearing".

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Supplemental Violations of Supervised Release Conditions; Request for Summons
Re:    PEREZ, Joseph Eclavea
USDC Cr. Cs. No. 94-00036-002
November 30, 2005
Page 2

**Standard Condition 2:** *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.*

On November 9, 2005, Mr. Perez informed this Officer that since October 28, 2005, he had changed his residence from Harmon, Guam, to Mangilao, Guam. He provided no reason for his failure to inform this Officer as required prior to his residence change.

**Mandatory Condition 1:** *The defendant shall refrain from any unlawful use of a controlled substance.*

**Special Condition 1:** *The defendant shall refrain from the use of any and all alcoholic beverages.*

**Special Condition 2:** *The defendant shall participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further ordered that the defendant make co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

On October 27, 2005; November 8, 2005; November 17, 2005; November 19, 2005; November 22, 2005; and November 25, 2005, Mr. Perez failed to report for urinalysis as required. On November 19, 2005, he failed to report for his scheduled substance abuse counseling session as required. On November 2, 2005, U.S. Probation Officer Judy Anne Ocampo met with Mr. Perez to discuss his failure to report for urinalysis on October 27, 2005. He stated that he called the urinalysis hotline the day before, but the message stated there was no testing. On November 9, 2005, this Officer met with Mr. Perez to discuss his failure to report for urinalysis on November 8, 2005. He stated that his "sister forgot to pick him up and take him to testing". On November 21, 2005, this Officer met with Mr. Perez to discuss his noncompliance with the drug treatment program. He stated that from November 17, 2005 to November 19, 2005, he was romantically involved with a woman. He stated that he failed to call the urinalysis hotline as required for the November 17 and 19, 2005 urinalyses. He did not provide an excuse for failing to attend his counseling session on November 19, 2005. In addition, Mr. Perez executed an admission form on November 21, 2005, admitting to drinking two beers on November 17, 2005, in violation of his no alcohol condition. On November 28, 2005, this Officer met with Mr. Perez to discuss his noncompliance with the drug treatment program. He noted he failed to report for his November 22, 2005 urinalysis as it "was too late". Mr. Perez was also subjected to a urinalysis, which tested presumptive positive for use of methamphetamine at the probation office. He executed an admission form, admitting to using "ice" on November 26, 2005.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Supplemental Violations of Supervised Release Conditions; Request for Summons
Re: PEREZ, Joseph Eclavea
USDC Cr. Cs. No. 94-00036-002
November 30, 2005
Page 3

Since the commencement of his term of supervised release on August 10, 2005, Mr. Perez's cumulative record of compliance with the drug treatment and testing program is as follows: 15 negatives for illicit substances; two positives for methamphetamine; two positives for use of alcohol; eight no shows for urinalysis; and three no shows for drug treatment counseling. Mr. Perez has also been returned to Phase I for the third time in three months in the drug testing and treatment phase system as a result of his noncompliance.

**Supervision Compliance:** Except as outlined above, Mr. Perez has complied with the conditions of supervision since being placed on supervised release. He paid his $150 special assessment fee on December 3, 1996, and completed 300 hours of community service on February 6, 2005.

**Recommendation:** It is respectfully requested that this supplemental information be taken into consideration during the violation hearing scheduled for November 30, 2005 at 1:30 p.m.

Executed this 30th day of November 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Karen V. Johnson, AUSA
William Gavras, Defense Counsel
File

# VIOLATION WORKSHEET

1. Defendant: Joseph Eclavea Perez
2. Docket Number (Year-Sequence-Defendant No.): 94-00036-002
3. District/Office: 0993/1
4. Original Sentence Date: 6 / 3 / 94 (month/day/year)

(If different than above):

5. Original District/Office: 
6. Original Docket Number (Year-Sequence-Defendant No.): 

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| Shall follow the instructions of the probation officer. | C |
| Shall notify the probation officer of change of residence. | C |
| Shall refrain from use of any and all alcoholic beverages. | C |
| Shall participate in drug treatment and testing. | C |
| Shall refrain from drug use. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): C
9. Criminal History Category (see §7B1.4(a)): VI
10. Range of Imprisonment (see §7B1.4(a)): 8-14 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[X] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:94-cr-00036   Document 377   Filed 11/30/2005   Page 4 of 5

ORIGINAL

Defendant: Joseph Eclavea Perez

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | Community Service: 35 hrs | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 22-28 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:94-cr-00036 Document 377 Filed 11/30/2005 Page 5 of 5