PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Joseph Eclavea Perez**          Case Number: **CR 94-00036-002**

Name of Sentencing Judicial Officer:    Honorable Consuelo B. Marshall

Date of Original Sentence:    June 3, 1994; Resentenced on August 11, 2005

Original Offense:    Count III: Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1); Count IV: Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a) and 846; and Count IX: Felon in Possession of Firearms, in violation of 18 U.S.C. § 922(g) and 941(a)(2).

Original Sentence:    136 month term of imprisonment to be served concurrently for Counts III, IV, and IX, followed by a three year term of supervised release to be served concurrently for Counts III, IV, and IX with conditions: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; not possess a firearm, destructive device, or any other dangerous weapon; comply with the standard conditions of probation; participate in a program approved by the U.S. Probation Office for the assessment and/or treatment of narcotic addiction or drug or alcohol dependency; refrain from the use of any and all alcoholic beverages; maintain gainful employment; and pay a $150 special assessment fee. **Modified** on September 27, 2005 to include 50 hours of community service as a sanction for noncompliance. **Revoked** on December 9, 2005 and sentenced to eight months imprisonment, followed by 28 months supervised release. **Informational Report** filed on September 28, 2006 as a result of use of alcoholic beverages.

Type of Supervision:  Supervised Release          Date Supervision:  July 31, 2006

---

**PETITIONING THE COURT**

☐   To extend the term of supervision        years, for a total term        years.

☒   To modify the conditions of supervision as follows:

1.    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender                                                                                                                    page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Perez's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is Mr. Perez's current drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Perez. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Perez must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Perez will complete the year long drug treatment and testing program on September 18, 2007. He paid his $150 special assessment fee on January 31, 2007 and submitted to a DNA sample of his blood on September 8, 2004.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Perez's consent to the modification.

Reviewed by:                                                                                       Respectfully submitted,

                                                                                                              by:
CARMEN D. O'MALLAN                                                                    JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist                                                       U.S. Probation Officer
Supervision Unit Leader

Date:    September 17, 2007                                                           Date:    September 17, 2007

**THE COURT ORDERS**

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Nov 06, 2007**